**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

H. RISZARD BENITEZ a/k/a RICH BENITEZ,

                    Plaintiff,              1:23-CV-00474 (AMN/DJS)

v.

COUNTY OF RENSSELAER,

                    Defendant.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**H. RISZARD BENITEZ**
P.O. Box 253
Wyantskill, New York 12198
Plaintiff, _pro se_

**ROEMER WALLENS GOLD & MINEAUX LLP**     **EARL T. REDDING, ESQ.**
13 Columbia Circle
Albany, New York 12203
_Attorneys for Defendant_

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       On April 17, 2023, Plaintiff H. Riszard Benitez commenced this action against Defendant County of Rensselaer, seeking, _inter alia_, an injunction barring Defendant from foreclosing on or bringing future claims against property identified as Tax Map ID 177.7-1-2.19 ("Property"). _See_ Dkt. No. 1 ("Complaint"). On May 10, 2023, Defendant filed an Answer to the Complaint, asserting various affirmative defenses. _See_ Dkt. No. 6. Presently before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. _See_ Dkt. Nos. 16, 21. On May 13, 2024,

Plaintiff filed a response in further support of his Motion and in opposition to Defendant's Cross-Motion.  *See* Dkt. No. 27.

For the reasons set forth herein, Plaintiff's Motion is denied, Defendant's Cross-Motion is granted, and the case is dismissed for lack of subject matter jurisdiction.

## II.    BACKGROUND

Plaintiff is a resident of East Greenbush in Rensselaer County, New York.  *See* Dkt. No. 1 at 1.[1]  Defendant is a governmental entity incorporated, organized, and existing under the laws of the State of New York.  *See id.* at 1-2.

In late March 2022, Defendant filed an action in New York State County Court, County of Rensselaer, seeking to foreclose on certain properties considered delinquent in the payment of real property taxes.  *See In re Foreclosure of Tax Liens by Proceeding In Rem Pursuant to Article 11, Title 3 of the Real Property Tax Law by the County of Rensselaer, State of New York*, Index No. 2022-271271 ("State Court Action").  As part of the State Court Action, Defendant sought to foreclose on the Property.  *See id.*; *see also* Dkt. No. 21-13 at 5.  According to Defendant, as of April 2023, an outstanding balance of more than $75,000.00 was owed in real property taxes on the Property.  *See* Dkt. No. 21-13 at 13.

The Parties dispute who the rightful owner of the Property was at the time the State Court Action was filed.  Plaintiff contends he was conveyed a warranty deed purchased from the previous owner, Oscar Benitez, in February 2016 and that he obtained a "land patent" as part of that transfer.  *See* Dkt. No. 1 at 5.  Defendant asserts such transfer never took place and that, at all relevant times, Oscar Benitez remained the true owner of the Property.  *See* Dkt. No. 6 at ¶¶ 19, 28, 42.  On April

---

[1] Citations to Court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

28, 2022, Plaintiff attempted to assert an interest in the State Court Action by filing a "Verified *Pro Se* Answer" to the Complaint, claiming to own the Property in fee simple, and requesting, *inter alia*, that the State Court Action "relating to the Benitez Oscar delinquency and foreclosure in rem" be dismissed.  *See* Dkt. No. 21-5.  On April 5, 2023, the state court issued an opinion granting summary judgment in favor of Rensselaer County, which allowed the County to seize the Property in fee simple and hold all rights thereunder.  *See* Dkt. No. 21-10.  In so-ordering, the state court additionally noted that Oscar Benitez, and not Plaintiff, was the owner of the Property.  *Id.* ("[Plaintiff] is not the owner of the property nor does he submit any legitimate instrument granting him authority to act on behalf of [Oscar Benitez]").

Twelve days after the state court issued its summary judgment opinion, Plaintiff commenced the instant action.  *See* Dkt. No. 1.  According to Defendant, as of the filing of the summary judgment motions in this action, foreclosure of the Property had yet to take place.  *See* Dkt. No. 21-13 at 7.

## III.    STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993).  A court first determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).  "When analyzing a summary judgment motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'"  *Galeotti v. Cianbro Corp.*, No. 5:12-cv-00900 (MAD/TWD), 2013 WL 3207312, at *4

(N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

The party seeking summary judgment "bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). To determine whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

Additionally, Plaintiff bears the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *see also Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983); *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-md-2865, 2023 WL 8039623, at *7 n.56 (S.D.N.Y. Nov. 20, 2023) ("Although this argument now is before the Court on the defendants' motion for summary judgment, rather than on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, SKAT – as the party asserting subject matter jurisdiction – retains the burden of proving, by a preponderance of the evidence, that the [C]ourt has subject

matter jurisdiction.") (internal citation and quotation marks omitted).  Courts must dismiss actions "at any time" it becomes apparent that it lacks subject matter jurisdiction over the action.  *See* Fed. R. Civ. P. 12(h)(3).

Here, both Plaintiff and Defendant have moved for summary judgment, but that phenomenon "does not mean that the court must grant judgment as a matter of law for one side or the other." *Schwabenbauer v. Bd. of Ed. of City Sch. Dist. of City of Olean*, 667 F.2d 305, 313 (2d Cir. 1981); *see also Residential Mgmt. (N.Y.) Inc. v. Fed. Ins. Co.,* 884 F. Supp. 2d 3, 7 (E.D.N.Y. 2012) ("Cross-motions for summary judgment do not alter the basic standard, but simply require the court to determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute.") (citations omitted).  Rather, the court "must consider each motion separately and on its own merits and draw all reasonable inferences against the party whose motion is under consideration." *Abreu v. Romero*, No. 08-CIV-10129, 2010 WL 4615879, at *3 (S.D.N.Y. Nov. 9, 2010), *aff'd*, 466 Fed. Appx. 24 (2d Cir. 2012).

Because Plaintiff is proceeding *pro se*, the Court must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999) (citation omitted).  Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (citations omitted).  "Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth 'concrete particulars' showing that a trial is needed." *Id.* (quoting *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984)).

## IV.    DISCUSSION

"The obligation that courts must resolve threshold questions of jurisdiction . . . before

proceeding to consider the merits of a claim at any stage of a proceeding is 'inflexible and without exception.'" *Antwi v. United States*, 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)); *see also Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."). "For a court to pronounce upon [the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co.*, 523 U.S. at 101-102. "Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* at 94 (internal quotations and citations omitted).

Since the crux of Defendant's Cross-Motion argues that the Court lacks the requisite jurisdiction to hear Plaintiff's claims, *see* Dkt. No. 21-13 at 6-8, the Court analyzes Defendant's Cross-Motion before assessing the merits of Plaintiff's Motion. *See, e.g.*, *Reile v. United Techs. Corp.*, 1981 WL 1627, at *2 (N.D.N.Y. Mar. 27, 1981) ("Before the Court can reach the merits of [a] motion for summary judgment, it must first determine whether subject matter jurisdiction may be exercised over plaintiff's [] claim[s]."); *cf. Lumbermens Mut. Cas. Ins. Co. v. Darel Grp. U.S.A. Inc.*, 253 F. Supp. 2d 578, 581 (S.D.N.Y. 2003) ("I first address defendants' motion to dismiss for lack of subject matter jurisdiction, because success on that motion would obviate plaintiff's motion for summary judgment.").

Specifically, Defendant argues, *inter alia*, that (1) 28 U.S.C. § 1338 is not a valid basis for jurisdiction in this action; and/or (2) the *Rooker-Feldman* doctrine deprives the Court of jurisdiction. *See* Dkt. No. 21-13 at 6-8. In Opposition, Plaintiff contends he is the assignee of a land patent related to the Property, known as the "Dongan Patent," and thus his cause of action is

properly before the Court pursuant to 28 U.S.C. § 1338.  Dkt. No. 27 at 1.  Plaintiff also maintains that the *Rooker-Feldman* doctrine is inapplicable because "this is not a matter intertwined with foreclosure or a remedy for foreclosure."  *Id.* at 2.

First, 28 U.S.C. § 1338 affords federal courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. § 1338(a).  Original jurisdiction under that statute exists if the plaintiff's complaint "establishes either that patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 809 (1988).  Where patent law "is not an 'essential element' of plaintiff's theory of recovery, those claims do not arise under patent law."  *Nanomedicon, LLC v. Research Found. of State Univ. of N.Y.*, 784 F. Supp. 2d 153, 157 (E.D.N.Y. 2011) (quoting *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 750-51 (E.D.N.Y. 2001)).  The mere mention of patents in the pleadings does not necessarily mean that the case involves a substantial question of patent law.  *See, e.g.*, *Nokia Corp. v. Interdigital, Inc.*, No. 2008-1265, 2008 WL 1777471, at *1 (Fed. Cir. 2008) (citing *Ballard Med. Prods. v. Wright*, 823 F.2d 527, 530-531 (Fed. Cir. 1987)).

Second, the *Rooker-Feldman* doctrine "provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment."  *Botsas v. U.S.*, 5 Fed. Appx. 69, 70 (2d Cir. 2001) (citing *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998)).  In the event federal claims are "inextricably intertwined" with a state court determination, "dismissal of the federal claims for lack of jurisdiction . . . is proper."  *Id.*  The *Rooker-Feldman* doctrine bars district court adjudication where four conditions are met:

"(1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the district court to review and reject that judgment; and (4) the state court must have rendered judgment before federal district court proceedings commenced." *Jones v. Cawley*, No. 10-CV-0712 (TJM), 2010 WL 4235400, at *4 (N.D.N.Y. Oct. 21, 2010) (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Id.* (quoting *Feinstein v. Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr.4, 2006)).

The Court agrees with Defendant that it lacks jurisdiction to decide Plaintiff's claims on both grounds raised by Defendant. As an initial matter, Plaintiff fails to state how this case involves a substantial question of patent law such that 28 U.S.C. § 1338 applies. Aside from the repeated assertions that "plaintiff is the patent holder and patent assignee" of a certain "land patent," Dkt. No. 27 at 1-3, the Court is unable to discern how Plaintiff raises issues of patent law at all. To the contrary, construed liberally, it appears that the relief Plaintiff is seeking is (1) a declaration that Plaintiff is the rightful owner of the Property and that the state court erred in deciding the Property's foreclosure action; (2) an Order halting the ongoing foreclosure process; and (3) money damages in an amount greater than $151,697.93 related to the Defendant's alleged wrongful foreclosure process. *See* Dkt. No. 16-1 at 2. None of these requests implicate patent law issues. The Plaintiff does not cite, and the Court is unaware of, any federal litigation where a "land patent" served as a basis for avoiding a foreclosure process on personal property. Indeed, land patents are typically only issued over property previously owned by the U.S. Government, which the Property was not. *See, e.g.*, *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 344 n.2 (2015) ("Land patents . . . dispose of public rights held by the government on behalf of the

people."); *Boesche v. Udall*, 373 U.S. 472, 477 (1963) (defining a land patent as a vehicle which divests the government of title to land).

Additionally, all four factors barring adjudication of Plaintiff's claims under the *Rooker-Feldman* doctrine are present. First, Plaintiff previously lost in state court when he attempted and failed to assert an interest in a foreclosure action that was filed against the Property's true owner, Oscar Benitez. *See* Dkt. No. 21-10 (In granting Rensselaer County summary judgment, noting "[n]o answer was interposed by Respondent; however, the Court is in receipt of several communications from H. Riszard Benitez who is not the owner of the property nor does he submit any legitimate instrument granting him authority to act on behalf of Respondent.").[2] Second, as discussed above, Plaintiff's federal cause of action seeks relief entirely related to the state court's decision to foreclose on the Property—*i.e.*, a declaration that Plaintiff is the Property's owner (which the state court rejected) and an Order halting the foreclosure process (which the state court allowed to proceed). Third, relatedly, the crux of Plaintiff's case is a request for this Court to review and vacate the decision made by the state court to foreclose on the Property. Finally, it is undisputed that the state court rendered judgment prior to the filing of the Complaint in this matter. *See* Dkt. No. 1 (filed April 17, 2023, twelve days after the issuance of the state court foreclosure decision). Thus, because any judgment from this Court would ultimately result in reversal or modification of a state court judgment, and since Plaintiff's claims are essentially repeated attacks

---

[2] While not specifically named as a party in the State Court Action, the Second Circuit recognizes that "common identity" between state and federal plaintiffs for purposes of analyzing the *Rooker-Feldman* doctrine is discerned in similar fashion to federal preclusion doctrines. *See Hoblock*, 422 F.3d 77, 90 (2d Cir. 2005). And since claim preclusion "bar[s] non-parties to earlier litigation . . . when the interests involved in the prior litigation are virtually identical to those in later litigation," *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995), Plaintiff can be considered to have "lost" for purposes of the *Rooker-Feldman* doctrine since he sought dismissal of the foreclosure process in the State Court Action and because the interests and relief sought in this case are identical.

on the state court's judgment of foreclosure, the Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Because this conclusion constitutes an adequate ground on which to award summary judgment to Defendant and dismiss the case, the Court need not address the Parties' remaining arguments.[3]

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for summary judgment, Dkt. No. 16, is **DENIED**; and the Court further

**ORDERS** that Defendant's cross-motion for summary judgment, Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

---

[3] In any event, any additional claims asserted by Plaintiff not otherwise discussed herein are barred by Plaintiff's lack of standing. As in the State Court Action, Plaintiff has submitted no evidence that he was ever the owner of the Property. The land patent on which Plaintiff relies, known as the "Dongan Patent," is illegible and, regardless, has nothing to do with Plaintiff's property rights (if any) in Rensselaer County. The Dongan Patent is a document issued in 1686 by King James II of England to the residents of the Town of East Hampton to preserve the residents' rights to use its nature resources. *See Kinsell v. Inc. Vill. of E. Hampton*, No. 15-cv-3948, 2021 WL 11633992, at *2 (E.D.N.Y. Dec. 6, 2021). Accordingly, Plaintiff is unable to assert any injury-in-fact resulting from the ongoing foreclosure of the Property. *See, e.g.*, *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim."); *Blakely v. Cardozo*, No. 07-Civ-3951, 2007 WL 2702241, at *3 (S.D.N.Y. Sept. 17, 2007) (lack of standing to challenge foreclosure action where plaintiff was not legal owner of property).

**IT IS SO ORDERED.**

Dated: September 9, 2024
   Albany, New York

            Anne M. Nardacci
            U.S. District Judge